No. 19,765.

GILBERT AVERY and C. G. KEESLING, partners doing business as the GRAY COUNTY LAND COMPANY, *Appellees*, v. J. A. NICHOLS, *Appellant*.

### SYLLABUS BY THE COURT.

REAL-ESTATE AGENT—*Commission*. If a contract for a real-estate agent's commission reserve to the principal a choice between two methods of satisfaction, and he disable himself from adopting one, he must adopt the other.

Appeal from Edwards district court; ALBERT S. FOULKS, judge. Opinion filed December 11, 1915. Affirmed.

*A. C. Dyer*, and *A. L. Moffat*, both of Kinsley, for the appellant.

*H. O. Trinkle*, of Garden City, for the appellees.

The opinion of the court was delivered by

BURCH, J.:   The action was one to recover a real-estate agent's commission. The plaintiffs prevailed and the defendant appeals.

On April 6, 1912, the plaintiffs effected a trade between the defendant and H. T. Griffee. The defendant received land in Gray county and Griffee received land in Edwards county. The commission was to be adjusted according to the terms of a written memorandum providing that if the defendant should not be willing to take for the Gray county land $1000 above the price Griffee would take for the Edwards county land the defendant would pay the plaintiffs $100 one year after the date of the trade. The petition stated that before April 6, 1913, the defendant sold and conveyed the Gray county land to a third party and prayed judgment for $100 and interest from April 6, 1913. The defendant filed a motion to make the petition more definite and certain by stating the price Griffee would have been willing to take for the Edwards county land and whether or not the defendant was willing to take $1000 above such price for the Gray county land. The motion was overruled and a general demurrer to the petition was overruled. The defendant stood on the demurrer and judgment was rendered according to.the prayer of the petition.

The defendant had the choice of two methods of satisfying the commission contract. He could take a price to be fixed in a certain way for the land he received in the trade. If unwilling to do this he could pay $100. He disclosed his unwillingness to choose the first method by putting it out of his power to take anything for the land he received in the trade. The whole subject of a price for that land, to be determined by Griffee's price for his land, became immaterial, and having rendered one method of satisfying the contract impossible, the defendant was bound to adopt the other.

The judgment of the district court is affirmed.